UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DE'ADRIAN BOYKINS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:20-cv-02910-JPH-MJD |
| | ) |
| WARDEN, | ) |
| | ) |
| Respondent. | ) |

**ORDER GRANTING MOTION TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

De'Adrian Boykins was convicted of aggravated battery in Allen County, Indiana, in 2013. Mr. Boykins now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent argues that the petition must be denied because it is time-barred and procedurally defaulted and several claims are non-cognizable. Dkt. 6. Mr. Boykins argues that he has overcome any procedural default because he is actually innocent. Dkt. 7.

For the reasons explained in this Order, the respondent's motion to dismiss, dkt. [6], is **granted,** and Mr. Boykins's petition for a writ of habeas corpus is **dismissed with prejudice**. In addition, the Court finds that a certificate of appealability should not issue.

### I. Background

#### A.    Trial and Direct Appeal

On direct appeal, the Indiana Court of Appeals summarized the facts of Mr. Boykins's crime:

> On December 25, 2013, Special Deputy Sheriff Quenton Greer was working in the H block of the Allen County Confinement Facility. Around 11:30 a.m. Deputy Greer was collecting lunch trays. Boykins snuck up behind Deputy Greer, grabbed a hard lunch tray, and hit Deputy Greer on the back of the head. Deputy Greer fell to the floor. He attempted to radio for assistance, but Boykins got on top of Deputy

> Greer and continuously punched him in the face. Deputy Greer attempted to kick Boykins away, but Boykins continued to punch Deputy Greer's face. Eventually, Deputy Greer was able to kick Boykins away from him and radioed for help. Boykins grabbed a nearby lunch tray and flung it, striking Deputy Greer on the head.
>
> Responding officers entered H block and found Deputy Greer lying in a pool of his own blood. Officer Alberson asked Deputy Greer who had attacked him, and Deputy Greer identified Boykins. As two officers secured Boykins, the jail's medical staff arrived. Nurse Farrell thought Deputy Greer was dead because of the amount of blood that was pouring out of Deputy Greer's face. The nurse placed gauze on Deputy Greer's nose and mouth but could not determine where the blood was coming from. Farrell did not want to move Deputy Greer for fear that he may have a neck injury. Farrell noticed Deputy Greer was losing consciousness and she continued to talk to Deputy Greer to keep him awake until paramedics arrived. Once the paramedics arrived, they took Deputy Greer to a hospital. Deputy Greer had a severe cut under his right eye, severe swelling in both eyes and one cheek, and his nose had been displaced so that he could not breathe out of his right nostril.

*Boykins v. State*, No. 02A05-1410-CR-510, 2015 WL 4554622, at *1 (Ind. Ct. App. 2015) (available in the record at dkt. 6-5). After a bench trial, Boykins was convicted of aggravated battery and sentenced to 20 years. *Id.*

On appeal, Mr. Boykins challenged the appropriateness of his sentence and the sufficiency of the evidence, arguing that the State failed to prove "that Deputy Greer suffered from an injury that created a substantial risk of death risk or caused 'protracted loss or impairment of the function of a bodily member.'" *Id.* at *2 (quoting Ind. Code § 35-42-2-1.5 (1997)). Dkt. 7-3. On July 22, 2015, the Indiana Court of Appeals affirmed his conviction and sentence. *Id.* at *3. The court held that the evidence was sufficient because Deputy Greer testified that "he continued to suffer from vision and hearing problems, persistent back pain, and increased sinus issues" and "also had to have part of the cartilage from his ear removed to reconstruct his nose." *Id.* at *2. Mr. Boykins sought transfer to the Indiana Supreme Court, which denied his petition on October 6, 2015. Dkts. 6-2 at 5; 6-6.

**B.     Collateral Review**

On November 30, 2015, Mr. Boykins filed his first petition for post-conviction relief, which he withdrew without prejudice on February 23, 2017. Dkt. 6-7 at 1–2.

Mr. Boykins filed his second petition for post-conviction relief on August 25, 2017. Dkt. 6-8 at 2–3. The post-conviction court dismissed his petition without a hearing on March 26, 2020. Dkt. 6-9. Mr. Boykins filed a motion to correct error on April 23, 2020, which was denied without a hearing on May 4, 2020. Dkt. 6-8 at 5–6. He filed a notice of appeal on July 31, 2020. Dkt. 6-13. The Indiana Court of Appeals dismissed the appeal as untimely. Dkt. 6-14. The court noted that Mr. Boykins's notice of appeal should have been filed within 30 days of the May 4, 2020, denial of the motion to correct error. *Id.* at ¶ 10 (citing Ind. Appellate Rule 9(A)(1)).

On May 15, 2020, Mr. Boykins filed a third petition for post-conviction relief. Dkt. 6-10. The post-conviction court determined that the petition was successive and unauthorized and dismissed it without a hearing on June 3, 2020. Dkt. 6-10 at 2; dkt. 6-11.

Mr. Boykins then filed a "Motion Appealing Successive Post Conviction Ruling and Request for Reinstatement" in his underlying criminal action and his third post-conviction action on June 25, 2020. Dkt. 6-1. Both motions were denied on July 3, 2020. Dkts. 6-1 at 17; 6-10 at 2. He appealed on July 31, 2020. Dkt. 6-13. The Indiana Court of Appeals dismissed the appeal as unauthorized and successive. Dkt. 6-14.

Mr. Boykins filed the petition for a writ of habeas corpus in this case on November 5, 2020, seeking federal collateral review of his conviction. Dkt. 1. His petition raises the following grounds for relief: 1) Trial counsel was ineffective for failing to make objections, conduct an investigation, and learn the elements of aggravated battery; 2) The trial court violated Mr. Boykins's right to due

process by relying on hearsay testimony; and 3) Mr. Boykins's due process rights were violated when the court refused to reinstate his post-conviction relief petition.

## II. Discussion

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). Before evaluating the merits of Mr. Boykins' claims, the Court must address respondent's argument that the petition is time-barred and procedurally defaulted.

### A. One-Year Deadline

"Under 28 U.S.C. § 2244(d)(1)(A), a state prisoner seeking federal habeas relief has just one year after his conviction becomes final in state court to file his federal petition." *Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015). "The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending.'" *Day v. McDonough*, 547 U.S. 198, 201 (2006) (quoting 28 U.S.C. § 2244(d)(2)).

Here, Mr. Boykins's judgment became final on January 4, 2016, the day his direct appeal petition for a writ of certiorari was due to the Supreme Court. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). By then the limitations period was already tolled based on the petition for post-conviction relief Mr. Boykins filed on November 30, 2015. He withdrew that petition without prejudice on February 23, 2017, restarting the clock, and he did not file another petition until August 25, 2017, 182 days later. His second petition for post-conviction relief was dismissed with prejudice on March 26, 2020, and his appeal was dismissed as untimely. Whether Mr. Boykins's petition is untimely depends on when his second petition for post-conviction relief was no longer

4

considered "pending."[1] The Seventh Circuit has not decided whether a state petition is "pending" until the deadline to seek review of a lower court's decision denying post-conviction relief if the petitioner does not seek that relief. *See Johnson v. McCaughtry*, 265 F.3d 559, 564 (7th Cir. 2001). The Court need not resolve whether Mr. Boykins's petition was pending through the deadline to file his notice of appeal, however, because his claims are procedurally defaulted.

**B. Procedural Default**

If a state prisoner raises a claim on federal habeas review without first presenting it through "one complete round of the State's established appellate review process," that claim is procedurally defaulted. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also Hicks v. Hepp*, 871 F.3d 513, 530−31 (7th Cir. 2017). "This includes presenting the claims to the state's highest court in a petition for discretionary review." *Hicks*, 871 F.3d at 530. A petitioner cannot obtain relief on a procedurally defaulted claim without showing either "cause and prejudice" to excuse the default or "that the court's failure to consider the defaulted claim would result in a fundamental miscarriage of justice." *McDowell v. Lemke*, 737 F.3d 476, 483 (7th Cir. 2013).

Here, Mr. Boykins did not present any of his grounds to the Indiana Court of Appeals or the Indiana Supreme Court. He did not raise the hearsay issue on direct appeal. He did not present his ineffective assistance of counsel or post-conviction procedure claims to Indiana's appellate courts because he failed to file a brief in support of his arguments. All three grounds are therefore procedurally defaulted.

Mr. Boykins argues that the Court should excuse his procedural default because he is innocent. Procedural default may indeed be excused if the petitioner makes a "gateway" showing

---

[1] His third post-conviction petition was not properly filed under Indiana law, so it does not toll the limitations period. *See Powell v. Davis*, 415 F.3d 722, 726−27 (7th Cir. 2005).

5

of innocence. *Schlup v. Delo*, 513 U.S. 298, 330 (1995); *Gladney v. Pollard*, 799 F.3d 889, 896 (7th Cir. 2015). To make the required showing, Mr. Boykins must point to "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence," which, when considered with the full record, makes it "more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Gladney*, 799 F.3d at 896 (quoting *Schlup*, 513 U.S. at 324, 327). Mr. Boykins does not present any new evidence but rather rehashes the argument he made on direct appeal that there was insufficient evidence that Officer Greer suffered from a serious injury to support his conviction. *See Id.* (noting a "gateway claim of actual innocence under *Schlup* could be viable only if he presents evidence not previously considered"). Mr. Boykins has therefore failed to make the necessary showing of innocence to excuse his procedural default.

Because Mr. Boykins's claims are procedurally defaulted, the respondent's motion to dismiss, dkt. [6], is **GRANTED,** and the petition for a writ of habeas corpus is **DISMISSED with prejudice**. Judgment consistent with this Order shall now issue.

### III. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.'" 28 U.S.C. § 2253(c)(2). In deciding whether a certificate of appealability should issue for a claim decided on the merits, "the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve

encouragement to proceed further." *Buck*, 137 S. Ct. at 773 (citation and quotation marks omitted). Where a claim is resolved on procedural grounds, a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim *and* about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Mr. Boykins's claims are procedurally defaulted, and he has not made a gateway showing of innocence to overcome the default. Jurists of reason would not disagree with this Court's resolution of this claim, and nothing about the claim deserves encouragement to proceed further.

The Court therefore **DENIES** a certificate of appealability.

**SO ORDERED**.

Date: 9/22/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DE'ADRIAN BOYKINS
201883
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Jesse R. Drum
INDIANA ATTORNEY GENERAL
jesse.drum@atg.in.gov

Sierra A. Murray
INDIANA ATTORNEY GENERAL
sierra.murray@atg.in.gov